IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NORMAN MARLOWE,            )
                           )
    Plaintiff,             )
                           )
                           )   CIV-14-314-M
v.                         )
                           )
CAROLYN W. COLVIN,         )
  Acting Commissioner of Social  )
   Security Administration,    )
                           )
    Defendant.             )

REPORT AND RECOMMENDATION

      Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. <u>Administrative History and Medical Evidence</u>

      Plaintiff protectively filed his applications on June 28, 2011, alleging that he became disabled on April 29, 2011, due to a back impairment and a torn right rotator cuff. (TR 31,

170, 174). At the time he filed his applications, Plaintiff was 46 years old. He has past relevant work as a construction laborer, delivery driver, oilfield inspector, mobile home installer, cement mason, tree harvester, and car detailer. (TR 31-32, 52,175, 192).

Plaintiff underwent surgery to repair a herniated disk at one level of his lumbar spine in 2009. Between September 2011 and July 2012, Plaintiff was treated by a family practitioner, Dr. Vascellaro, for chronic low back pain due to degenerative disc disease. During this time period, Dr. Vascellaro prescribed pain medications and a sleeping aid medication for Plaintiff. Plaintiff repeatedly advised the doctor that the pain medications were working to adequately control his back pain and allow him to function although he still experienced occasional pain. (TR 333, 339, 345, 351, 359, 365, 371, 377). Plaintiff reported in November 2011, December 2011, January 2012, March 2012, and again in May 2012 that he had returned to at least "some" work. (TR 345, 359, 371, 377, 383).

In a consultative psychological evaluation of Plaintiff conducted by Dr. Danaher in November 2012, Plaintiff reported he was no longer receiving treatment for back pain and he was taking only over-the-counter pain medications. (TR 400). In a hearing conducted before Administrative Law Judge Baldwin on September 18, 2012 ("ALJ"), Plaintiff stated that he had constant low back pain that radiated into his hip and leg but he was taking only over-the-counter pain medications and was not being treated for his back pain. (TR 38, 40, 48). Plaintiff estimated he could lift twenty pounds, sit for one hour, and stand for one hour. (TR 44-46).

A vocational expert ("VE") testified at the hearing in response to hypothetical

questioning. The ALJ posed a hypothetical inquiry as to the availability of jobs for an individual with Plaintiff's age, education, and work experience and the residual functional capacity ("RFC") for work at the light exertional level who must have the option to sit or stand at the work station without a loss of productivity, who could only occasionally climb ramps or stairs, balance, stoop, kneel, or crouch, and who could never climb ladders or crawl or work around dangerous, moving equipment or work on uneven or unstable surfaces. (TR 52-53).

The VE testified that such an individual could not perform any of Plaintiff's previous jobs but could perform other jobs, including the jobs of ticket seller, office helper, storage facility rental clerk, and certain sedentary jobs. (TR 53-54).

II. ALJ's Decision

The ALJ issued a decision on December 14, 2012, in which the ALJ determined that Plaintiff was not entitled to benefits. (TR 14-23). Specifically, the ALJ found that Plaintiff had severe impairments due to degenerative disc disease of the lumbar spine, right shoulder tendonitis, and chronic pain syndrome. These impairments were not *per se* disabling, and Plaintiff retained the capacity to perform light work "except he can occasionally push/pull including the operation of hand/foot controls. He must have the option to sit/stand at the workstation without a loss of productivity. He can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolding; occasionally balance, stoop and kneel; occasionally crouch, but never crawl. He ... must not work around dangerous moving equipment, machinery [or], uneven or unstable surfaces." (TR 17).

3

Based on this residual functional capacity ("RFC") for work, Plaintiff's vocational characteristics, and the VE's hearing testimony, the ALJ found that Plaintiff was capable of performing jobs available in the economy, including the light, unskilled jobs of ticket seller, office helper, and storage rental clerk. The ALJ found that the VE's testimony was consistent with the information provided in the Dictionary of Occupational Titles ("DOT"). In light of these findings, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

III. General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401 *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord, 42 U.S.C. § 1382c(a)(3)(A); see 20 C.F.R. § 416.909 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. Barnhart v. Walton, 535 U.S. 212 (2002).

IV. Credibility

Plaintiff contends that the ALJ erred in evaluating his credibility and that substantial evidence does not support the credibility finding. The assessment of a claimant's RFC at step four generally requires the ALJ to "make a finding about the credibility of the [claimant's] statements about [his] symptom(s) and [their] functional effects." Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at * 1 (1996). "Credibility determinations are peculiarly the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." Wilson, 602 F.3d at 1144 (internal quotation marks and citation omitted). An ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements" in determining a claimant's credibility. SSR 96-7p, 1996 WL 374186, at * 4 (1996). Credibility findings must also "be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002)(quotations and

5

alteration omitted).

The ALJ determined that Plaintiff's allegation of disabling pain was not credible. The ALJ provided specific reasons for this credibility finding. (TR 18-21). The ALJ discussed the objective medical evidence and considered the effectiveness of Plaintiff's medications, pointing out that Plaintiff had advised his treating physician that "[h]is chronic back pain medications worked well and allowed him to function" and pointing to Dr. Vascallero's repeated office notations that Plaintiff was doing well on his chronic back pain medications. (TR 20).

The ALJ also considered Plaintiff's daily activities and reasoned that his activities were "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (TR 21). The ALJ noted that Plaintiff had worked part-time since the date he alleged he became disabled, he had no problems with personal care, he was able to shop, clean, and do laundry and cooking chores, he attended church, he drove and could go out alone, he enjoyed watching movies, he got his son up and ready for school and took him to school, and he played games with his son.

The ALJ further considered the opinions of the agency's medical consultants who opined that Plaintiff was capable of performing a full range of light work. The ALJ determined, however, that "evidence received at the hearing level show[ed] that the claimant was more limited than determined by the State agency consultants" and accorded those opinions "substantial weight as to the claimant's general light exertion capability." (TR 21). The ALJ accorded those opinions "great weight" with respect to the consultants' findings

6

that Plaintiff's mental impairments were not severe, finding that these opinions were "well supported by medically acceptable clinical and laboratory findings, and are consistent with the record when viewed in its entirety." (TR 21). The ALJ cited specifically to the RFC assessment by Dr. Danaher, the consulting psychologist, who evaluated Plaintiff and found that Plaintiff did not have mental impairments affecting his work-related functional abilities. (TR 21, 396-398).

Plaintiff argues that the ALJ did not link the recognized factors to specific evidence in the record. However, the decision adequately set forth the reasons for the ALJ's credibility determination, citing to specific evidence in the record, and the ALJ was not required to conduct a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Nothing in the ALJ's decision indicates, as Plaintiff suggests, that the ALJ "pre-determined" Plaintiff's RFC for work before considering the credibility of Plaintiff's complaints of disabling pain and other limitations. See Plaintiff's Opening Brief, at 9. Plaintiff's attorney has made this same, unsuccessful argument in several recent briefs in social security disability appeals referred to the undersigned Magistrate Judge. The argument is based on a decision issued by the Seventh Circuit Court of Appeals in Bjornson v. Astrue, 671 F.3d 640 (7th Cir. 2012), a decision that lacks precedential value in this circuit.

The same argument has been presented in social security disability appeals in other district courts. In the United States District Court for the Northern District of Oklahoma, District Judge Eagan rejected the argument, stating in a footnote that "Bjornson, because it

is a Seventh Circuit case, is not binding precedent. Further, as noted by the magistrate judge, the decision to reverse and remand in Bjornson was not based on the ALJ's use of boilerplate language but, instead, on the ALJ's entire failure to 'build a bridge between the medical evidence ... and the conclusion that [plaintiff] is able to work full time in a sedentary occupation.'" Liveoak v. Astrue, 2013 WL 183710, *10 n. 2 (N.D. Okla. 2013)(unpublished op.).

Recently, the Tenth Circuit Court of Appeals addressed the now-familiar Bjornson argument. The court stated the following:

> Relying on Bjornson v. Astrue, 671 F.3d 640, 645–46 (7th Cir. 2012), [claimant] urges this court to reverse because the ALJ's decision, apparently in accord with the standard decision template, sets forth the RFC finding before discussing the factors that go into making that finding, including the credibility determination. We decline to reverse on this ground.

Romero v. Colvin, 563 Fed. App'x. 618, 620 n. 1 (10th Cir. May 29, 2014)(unpublished op.).

In this court, United States Magistrate Judge Erwin rejected the same argument, noting that "Plaintiff's Bjornson argument is without support in the Tenth Circuit." Collins v. Comm'r, 2014 WL 3587788 (W.D.Okla. 2014)(unpublished op.)(Erwin, M.J.), adopted, 2014 WL 3587791 (W.D.Okla. 2014)(unpublished op.)(Heaton, D.J.). In this circuit, "the use of . . . boilerplate is problematic only when it appears 'in the absence of a more thorough analysis.'" Keyes-Zachary v. Astrue, 695 F.3d 1136, 1170 (10th Cir. 2012)(quoting Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004)).

Contrary to Plaintiff's argument, the ALJ in this case did not limit his credibility

8

decision to "boilerplate" language. Rather, the ALJ considered several, relevant factors before determining that Plaintiff's allegations of disabling pain and limitations were not entirely credible. Moreover, the RFC determination includes exertional limitations indicating that the ALJ did not entirely reject Plaintiff's testimony but considered it in connection with the objective medical evidence in the record.

The ALJ provided specific reasons that are well supported by the record for discounting the credibility of Plaintiff's disabling pain complaints, and no error occurred in the ALJ's evaluation of the evidence with respect to the step four credibility determination.

## V. RFC with Sit/Stand Option

Plaintiff contends that the ALJ erred in determining Plaintiff's RFC for work because the ALJ did not specify the frequency of Plaintiff's need to alternate sitting and standing. In response, the Commissioner contends that no error occurred in the ALJ's evaluation of the evidence and RFC determination and that substantial evidence supports the decision.

"[T]he burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC . . . to perform work in the national economy, given her age, education, and work experience." Lax, 489 F.3d at 1080 (internal quotation marks and citation omitted). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374184, *1. The RFC determination "must include a narrative discussion describing how the evidence supports each conclusion, . . . [and explain] any material inconsistencies or ambiguities in the evidence in the case

record. . . . ." Id. at *7 (footnote omitted).

In an administrative ruling adopted by the agency in 1983, SSR 83-12 discusses the analysis of a disability application in which a claimant, like Plaintiff, is limited to a certain range of work within the light or sedentary exertional categories. The ruling states:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
> There are some jobs in the national economy - typically professional and managerial ones - in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base.

SSR 83-12, 1983 WL 31253, at *4.

In this case, the ALJ obtained vocational testimony, as recommended in the policy ruling, in order to "to clarify the implications for the occupational base" for Plaintiff. The

VE testified that a hypothetical individual with Plaintiff's RFC limitations could perform three jobs, ticket seller, office helper, and storage rental clerk.

Plaintiff relies, in part, on SSR 96-9p to support his argument of error. SSR 96-9p provides that "[a]n individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96–9p, 1996 WL 374185, at *5. SSR 96–9p explicitly applies in the case of sedentary work, not light work. See Vititoe v. Colvin, 549 Fed. App'x. 723, 731 (10th Cir. 2013) ("But SSR 96–9p applies in cases where the claimant is limited to less than the full range of sedentary work and the disability determination is not directed by the Grids. Here the ALJ found that Mr. Vititoe retains the capacity to perform less than the full range of light work, so SSR 96–9p is not applicable."). However, the Tenth Circuit has stated in an unpublished opinion that the policy's guidelines are applicable to cases that involve a finding of ability to perform light work because "[p]recisely how long a claimant can sit without a change in position is also relevant to assumptions whether he can perform light work." Vail v. Barnhart, 84 Fed. App'x. 1, 5 (10th Cir. 2003)(unpublished op.)(citing 20 C.F.R. § 404.1567(b)).

In Newton v. Colvin, 2013 WL 6169298 (W.D.Okla. 2013)(Report and Recommendation, Mitchell, M.J.), adopted, 2013 WL 6169298 (W.D.Okla. 2013)(Miles-LaGrange, Chief D.J.), United States Magistrate Judge Mitchell found that an ALJ's RFC finding of a need for "a sit/stand option" failed to define how often the claimant was able to sit without standing or changing positions. Further, Judge Mitchell found that the VE's

testimony could not provide substantial evidence to support the ALJ's decision where the decision and hypothetical question posed to the VE failed to include the "key facts" of the specific frequency of the claimant's need to alternate sitting and standing. Id. at *3.

In another unpublished decision by a United States Magistrate Judge in the District of Kansas, later adopted by the court, Magistrate Judge Reid found that an RFC limitation and hypothetical question limiting the claimant to light work allowing "alternating sitting and standing" was not sufficient and required a remand because "[t]he regulations and case law . . . make clear that the ALJ must be specific in setting forth the frequency of a claimant's need to alternate between sitting and standing." Fairbanks v. Astrue, 2007 WL 2176029, * 4 (D.Kan. 2007)(unpublished op.), adopted, 2007 WL 2176029 (D.Kan. 2007)(Belot, D.J.). See also Carrell v. Colvin, 2014 WL 4854693, *4)(E.D.Okla. 2014)(Shreder, M.J.)(recommending Commissioner's decision be reversed and remanded for further proceedings where ALJ simply stated claimant would need to be allowed "to alternately sit and stand throughout the day" and it was unclear whether claimant could perform the jobs found by the ALJ given the RFC limitation), adopted, 2014 WL 4854699 (E.D.Okla. 2014)(unpublished op.)(White, D.J.); Waltemire v. Colvin, 2014 WL 3809189 (D.Kan. 2014)(unpublished op.)(Crabtree, D.J.)(holding "ALJ erred when he merely asked VE whether a 'sit/stand option' - without any specifics - would affect the jobs identified as available in the national and local economies" because "[w]ithout sufficient specificity about the frequency of the need to alternate between sitting and standing, the VE's answer does not constitute substantial evidence to support the ALJ's decision").

An RFC limitation is sufficiently specific when an ALJ includes an "at will" or "as needed" requirement to a sit/stand limitation. Jimison ex rel. Sims v. Colvin, 513 Fed. App'x. 789, 792 (10th Cir. 2013)(unpublished op.). The court stated in Jimison that "[t]he option to sit or stand at will permits the claimant to control the frequency at which she alternates positions. No greater specificity would be possible." Id. See also Vail v. Barnhart, 84 Fed. App'x. at 5.

In this case, the ALJ explored with the VE the availability of jobs for an individual who needed to sit or stand "without a loss of productivity," and the VE testified that there are jobs available that can be performed with this limitation. The VE testified in response to questioning by the Plaintiff's attorney that the addition of an "at will" restriction to the sit/stand limitation would "eliminate the jobs." (TR 58).

The finding that the Plaintiff was limited to jobs allowing him to sit or stand "without a loss of productivity" describes a limitation that is more restrictive than the "at will" or "as needed" sit/stand limitation that has previously been upheld in this circuit. The limitation described by the ALJ was sufficiently specific concerning the sit/stand option. It indicated that Plaintiff could determine the frequency with which he could alternate between sitting and standing positions as long as he remained productive. The VE testified that there are jobs available that would fall within this specific RFC limitation. Accordingly, no error occurred in the ALJ's reliance on the VE's testimony, and the decision of the Commissioner should be affirmed.

RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before     March 30th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this     9th     day of           March , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE