# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| NORMAN MARLOWE, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-14-314-M |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## ORDER

On March 9, 2015, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of defendant Acting Commissioner of Social Security Administration ("Acting Commissioner"), denying plaintiff's applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, 1382. The Magistrate Judge recommended the Acting Commissioner's decision in this matter be affirmed. The parties were advised of their right to object to the Report and Recommendation by March 30, 2015. On March 19, 2015, plaintiff filed his objection, and on March 24, 2015, defendant filed her response to plaintiff's objection.

In his objection, plaintiff contends that the Magistrate Judge erred by finding that the Administrative Law Judge's ("ALJ") limitation of sitting or standing "without a loss of productivity" describes a limitation that is more restrictive than the "at will" or "as needed" sit/stand limitation that has previously been upheld in the Tenth Circuit. Plaintiff further asserts that the ALJ impermissibly acted as his own expert witness by predetermining productivity for the vocational expert ("VE") and that the VE's response to the hypothetical posed by the ALJ is flawed because

of the lack of precision by the ALJ and the fact that it cannot be supported by substantial evidence. In her response, the Acting Commissioner contends that the ALJ's articulation of plaintiff's need to alternate between sitting and standing was sufficient for the VE to understand the frequency, and, thus, for the VE's testimony to constitute substantial evidence supporting the ALJ's finding that such a sit/stand option would permit plaintiff to perform work existing in significant numbers in the national economy.

The Tenth Circuit has held "that an ALJ must be specific as to the frequency of the individual's need to alternate sitting and standing." *Jimison v. Colvin*, 513 F. App'x 789, 792 (10th Cir. 2013). Having carefully reviewed this matter de novo, the Court finds that the limitation described by the ALJ - allowing plaintiff to sit or stand without a loss of productivity - is not sufficiently specific as to the frequency of plaintiff's need to alternate sitting and standing. Initially, the Court would find that this limitation is less restrictive than the "at will" or "as needed" sit/stand limitation that has previously been upheld in the Tenth Circuit.[1] The Court further finds that what is meant by the sit/stand without a loss of productivity limitation is unclear; the limitation provides no specifics concerning the frequency of any need plaintiff may have to alternate sitting and standing and the length of time needed to stand. Because the Court has found that the sit/stand limitation in

---

[1] In the Report and Recommendation, the Magistrate Judge found that this limitation was more restrictive than the "at will" or "as needed" sit/stand limitation. In his objection, plaintiff asserts that the Magistrate Judge erred in finding the limitation was more restrictive. In her response, the Acting Commissioner states that it appears the Magistrate Judge incorrectly wrote that the limitation was more restrictive and agrees that the limitation was less restrictive than an "at will" sit/stand option.

this case is not sufficiently specific as to frequency, the Court finds that the Acting Commissioner's decision should be reversed and remanded for further proceedings consistent with this Order.[2]

Accordingly, the Court:

(1) DECLINES TO ADOPT the Report and Recommendation [docket no. 14] issued by the Magistrate Judge on March 9, 2015;

(2) REVERSES the decision of the Acting Commissioner;

(3) REMANDS for further administrative proceedings consistent with this Order; and

(4) ORDERS that judgment issue forthwith in accordance with the provisions of sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED this 31st day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In his objection, plaintiff contends that this Court should reverse this case for an immediate award of benefits as remand serves no useful purpose. Having carefully reviewed this matter, the Court finds that further fact-finding would serve a useful purpose in determining whether plaintiff is entitled to benefits.